[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#105)
The plaintiff claims the defendants were negligent in the care of his hand on April 26, 1989. On May 27, 1991, the plaintiff filed a petition for extension of the limitations period under C.G.S. 52-190a(b). The complaint was issued on July 11, 1991 and served on July 12, 1991.
The defendants assert that because the plaintiff took no action prior to the expiration of the statute of limitations, the claim is time — barred and they are entitled to summary judgment.
The applicable statute of limitations in this matter is found in C.G.S. 52-584. In his petition of May 24, 1991, the plaintiff admitted that the statute of limitations had run on April 26, 1991.
The function of C.G.S. 52-190a(b) is to permit additional CT Page 3742 inquiry so plaintiffs can comply with the good — faith certificate requirement. The statute provides for an extension of the statute of limitations. To extend a limiting time period the request for extension must be filed before the expiration of the initial time period.
While the clerk is to automatically grant an extension of the statute of limitations, the clerk does not have the power to allow a time — barred action. The approval of the clerk, apparently required by the statute for all petitions filed, is not binding on the Court in the review of the instant claim. Here, the plaintiff in his petition requested relief which could not be granted, that is, an extension of a time period already ended. The petition is presented to the Court ex parte, and should not prejudice the defendants' ability to raise a statute of limitations defense at the trial level. No where in 52-190a(b) is there language that supports the proposition that either the statute of the clerk's lack of discretion under it may be used to revive an action after the statute of limitations has run.
The court therefore holds that in order to obtain the 90 day extension, a petition must be filed before the statute of limitations has run. The motion for summary judgment is granted.
BY THE COURT ELAINE GORDON, JUDGE